UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-718-MOC
3:15-cr-127-MOC-DCK-1

| | |
|---|---|
| DANIEL HEGGINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| T. LYNN, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. No. 4). Petitioner has paid the filing fee.

In the underlying criminal case, Petitioner pleaded guilty to a single count of Conspiracy to Defraud the United States – Tax Fraud in violation of 18 U.S.C. § 371. (3:15-cr-127 ("CR") Doc. Nos. 57, 58, 60). The Court sentenced him to 41 months' imprisonment followed by three years of supervised release in an Order issued on March 28, 2016. (CR Doc. No. 80). Petitioner filed a direct appeal but I was dismissed for failure to prosecute. See (CR Doc. No. 92).

Petitioner then filed a number of frivolous pleadings all of which were denied. See, e.g., (CR Doc. Nos. 88, 95, 96, 99, 101, 103). The Court repeatedly informed Petitioner that the appropriate means for challenging his conviction and sentences is via a motion to vacate pursuant to 28 U.S.C. § 2255. See (CR Doc. Nos. 88, 90, 95, 96, 99). However, Petitioner never filed a § 2255 motion to vacate. The Court also informed Petitioner that a challenges to the conditions of his confinement must be raised in an action pursuant to Bivens[1] after exhausting administrative

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

1

remedies. See (CR Doc. No. 87).

On April 26, 2019, the U.S. Probation Office filed a Petition for Warrant alleging that Petitioner violated numerous conditions of supervision and that his supervision should be revoked. (CR Doc. No. 112). Petitioner was arrested on July 21, 2020. Petitioner admitted his guilt to violating three conditions of the Petition and the Court found him guilty of violating four additional conditions. (CR Doc. No. 128). In a Judgment entered on November 13, 2010, the Court sentenced him to 12 months' imprisonment followed by 24 months of supervised release. (Id.). Petitioner is presently incarcerated at the Butner Federal Correctional Institution in in Granville County, North Carolina.

In the instant case, Petitioner filed document purporting to be a Petition pursuant to § 2241, but which was not on the required form and stated no intelligible claim for relief. (Doc. No. 1). Petitioner was given the opportunity to amend, (Doc. No. 3), and Petitioner filed the instant Amended § 2241 Petition on January 25, 2021.[2]

Petitioner, who claims that he is not "the CITIZEN that they have on record" because his name is actually Tebnu El-Bey,[3] now argues *verbatim*:

> **Ground One**: Violation of: Chapter 17 Habeas Corpus Article 1 Constitutional Provisions- Article 1:17-1, 17-2, Article 2:17-3 , 17-5, 17-6, 17-7, Article 3:17-0, 17-10, 17-12, 17-15, Article 1:17-16, 17-17, 17-18, 17-10, 17-20, 17-21, 1-23, 17-25, 17-26, 17-28, Article 6 § 17-38. § 17-1
>
> Remedy without delay for restraint of liberty, 17-2: Habeas corpus not suspended, 17-3: Who may prosecute writ. 17-6 no judge of appellate review of superior court in writing. 17-10 penalty for refusal to grant, etc.
>
> **Ground Two**: "Treaty Violations" Moorish correspondence "Treaty of Peace" and friendship & "Religious Freedom Restoration Act."

---

[2] Houston v. Lack, 487 U.S. 266 (1988) (establishing the prisoner mailbox rule).

[3] Petitioner filed documents in the criminal case purporting to change his name from Daniel Frank Heggins to Tebnu El-Bey. (CR Doc. No. 129).

2

Moorish Correspondence 1783-1789, pg. 656-657 "Treaty of Peace and Friendship" signed by Mooraean Mohummed, tax immunization #AA222141 on record. Zodiac Constitution Religious Freedom Restoration Act, a 1993 law that authorizes "appropriate relief."

**Ground Three**: Federal Rule 201: violations also: 243.

Evidence that exonerates you: put on record & recorded with the state and capital violation of my religious benefits, beliefs & customs. Federal Rule.

**Ground Four**: Neglect; Cruel & unusual punishment of my diabetes, high blood pressure, & corona virus & personal injury from agents of the state.

Check the record for how many times the agents of the state neglected to give me my medication. Having uncontrolled blood sugars, leading to diabetic comas, & the exposure to COVID 19 people & the virus. They will not follow the [illegible] instructions; The guards have the virus and they are transferring the virus to the population (me).

(Doc. No. 4 at 6-7).

As relief, Petitioner asks the Court to:

(1) Free and Release me immediately from the FBOP Butner Low, detainment, restraint that I'm in. (2) Extinguish (terminate) all charges against [Daniel Heggins # 13722048]. (3) All of your oath of office against to honor, obey their oath of office to the Federal Constitution, my "Treaty of Peace and Friendship" of 1783-1789 signed by Morhanamb Morumed, "Religious Freedom Restoration Act" a 1993 law that authorizes appropriate relief. I don't want to die or catch the COVID 19 (coronavirus) (This treatment is inhumane. I just need my freedom & my family).

(Doc. No. 4 at 7).

Section 2241 addresses challenges to the execution of a sentence and must be brought in the district of confinement. See generally Rumsfeld v. Padilla, 542 U.S. 426 (2004) (claim that challenges the present physical confinement must be filed in the district of confinement); see United States v. Vance, 563 F. App'x 277, 278 (4th Cir. 2014) ("A prisoner wishing to challenge the BOP's computation or execution of a federal sentence may do so via a petition for a writ of

3

habeas corpus under 28 U.S.C. § 2241 . . . in the district of his confinement following exhaustion of available administrative remedies.").

However, challenges to the conditions of confinement are properly brought in a civil rights action. See 42 U.S.C. § 1983; Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (federal equivalent of § 1983); see, e.g., Lee v. Winston, 717 F.2d 888, 891–92 (4th Cir.1983) (suit seeking to enjoin state officials from forcing defendant to undergo medical procedure was properly brought under civil rights statutes and not cognizable as a habeas petition).

Whether Petitioner is truly seeking to challenge the execution of his sentence pursuant to § 2241 or the conditions of his confinement pursuant to § 1983/Bivens, such action is properly considered in the district of Petitioner's confinement, in this case, the Eastern District of North Carolina. See Padilla, 542 U.S. at 426; 28 U.S.C. § 1391(e); see also Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) (discussing the differences between § 1983 and habeas corpus). This case will therefore be transferred to the Eastern District of North Carolina.

It also appears that Petitioner may be attempting to challenge the Judgment revoking his supervised release and sentencing him. Challenges that a "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," must be filed via motion vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. 28 U.S.C. § 2255(a). The instant Petition does not have the earmarks of a § 2255 motion to vacate and it will not be recharacterized as such. However, Petitioner is advised pursuant to Castro v. United States, 540 U.S. 375 (2003) that the appropriate means of challenging his criminal Judgment is via a § 2255 motion to vacate. Petitioner should consider that filing a § 2255 motion to vacate will subject him to the law's

4

"second or successive" restrictions, so that he may not bring a second or successive motion under § 2255 without first obtaining authorization by a panel of the appropriate court of appeals. See 28 U.S.C. § 2255(h). Authorization to file second or successive motions to vacate is rarely granted. Further, Petitioner is cautioned that § 2255 has timeliness and procedural requirements including a one-year statute of limitations. See generally 28 U.S.C. § 2255; 28 U.S.C. foll. § 2255. The Clerk will be instructed to mail Petitioner a § 2255 form in an abundance of caution.

**IT IS, THEREFORE, ORDERED** that:

1. This action is transferred to the United States District Court for the Eastern District of North Carolina.
2. The Clerk of Court is instructed to mail Petitioner a blank § 2255 form.
3. The Clerk of Court is instructed to close this case.

Signed: February 2, 2021

Max O. Cogburn Jr
United States District Judge